Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| JUNTA DE PLANIFICACIÓN, ADMINISTRACIÓN SABANERA DEL RÍO<br><br>Recurrida<br><br>v.<br><br>JOSÉ RAMÓN TORRES PEÑA, MIGDALIA MARRERO<br>Recurrentes | KLRA202500035 | *Revisión Judicial* procedente de la Junta de Planificación de Puerto Rico<br><br>Núm. de Querella: 2023-SRQ-300199 |
|---|---|---|

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

### *SENTENCIA*

En San Juan, Puerto Rico, a 20 de febrero de 2025.

Comparece el Sr. José Ramón Torres Peña (señor Torres Peña) y la Sra. Migdalia Marrero Rodríguez (señora Marrero Rodríguez), (en conjunto, parte recurrente), mediante recurso de revisión judicial solicitando la revocación de la *Resolución* emitida por la Junta de Planificación (JP) el 24 de octubre de 2024. Determinó la JP que la parte recurrente había infringido las siguientes disposiciones: el Art. 9.12 de la Ley para al Reforma del Proceso de Permisos de Puerto Rico, según enmendada, Ley Núm. 161-2009, 23 LPRA sec. 9019k; la Regla 1.6.7 sobre Permisos y Certificaciones; y la Regla 3.2.1 de Permisos de Construcciones del Reglamento Conjunto para la Evaluación y Expedición de Permisos Relacionados al Desarrollo, Uso de Terrenos y Operación de Negocios, Reglamento 9473 del 16 de junio de 2023, Reglamento Conjunto 2023, al haber construido parte de un jacuzzi en suelo ajeno.

En el recurso presentado se levantaron varios asuntos de carácter sustantivos, sin embargo, según se verá, un tema de índole jurisdiccional nos obliga a *Desestimar*.

Número Identificador

SEN2025_____

## I.  Resumen del tracto procesal

El 24 de octubre de 2024 la JP emitió una *Notificación de Hallazgo(s) y Orden de Mostrar Causa* (*Resolución*) contra el Sr. José Ramón Torres Peña y la Sra. Migdalia Marrero. En esta, la agencia manifestó que el 14 de diciembre de 2023 la Asociación Sabanera del Rio Gurabo presentó una querella, a la cual se le asignó el número 2023-SRQ-300199, donde se alegó lo siguiente:

1. El titular construyó en terreno ajeno perteneciente a la Asociación de Residentes de Sabanera del Río en Gurabo, PR.

2. El permiso concedido, si alguno, no permite construcciones en terreno ajeno.

Entonces, luego de conducida la investigación pertinente por la inspectora Neyssa Y. Rivera Pérez, la JP determinó que la parte recurrente infringió las siguientes disposiciones: Art. 9.12 de la Ley Núm. 161-2009, *supra*, y las Reglas 1.6.7 y 3.2.1 sec. 3.2.1.1 del Reglamento Conjunto 2023, *supra*. Por causa de ello, le concedió a dicha parte un término de veinte (20) días para que mostrara causa por la cual no se le debían imponer sanciones. En el mismo dictamen se apercibió al recurrente de que, a pesar de ser una notificación de carácter interlocutorio, de no presentar la información requerida dentro del referido término de veinte (20) días, la misma se convertiría en una Resolución final, imponiéndosele las sanciones allí mencionadas. Por último, se le apercibió sobre los términos para solicitar reconsideración, veinte (20) días a partir del día siguiente al último día del término para mostrar causa, así como del término para solicitar revisión judicial.

Expirado el termino para mostrar causa, el señor Torres Peña presentó una *Moción de Reconsideración* el 3 de diciembre de 2024, en la cual arguyó que ostentaba el "título propietario del lugar donde enclava la construcción objeto de la querella, el cual ha pose[í]do a título de dueño, de forma pública, pacífica, continua e interrumpida por un periodo de m[a]s de 20 años". Añadió que la querellante, Administración Sabanera del Rio de Gurabo, carecía de legitimación activa para incoar acción en su contra.

Subsiguientemente, el 30 de diciembre de 2024, la JP emitió una *Resolución* donde manifestó que el 20 de noviembre de 2024 había recibido una comunicación de parte del señor Torres Peña, en la que este le indicó que se encontraba tramitando los permisos para poder legalizar la construcción.[1] Por consiguiente, la JP le concedió al recurrente un término de treinta (30) días para presentar evidencia de los trámites presentados o el permiso de construcción correspondiente.

A pesar del trámite descrito en el párrafo que precede, el 16 de enero de 2025, el señor Torres Peña presentó el *recurso de revisión judicial* que está ante nuestra consideración, esgrimiendo los siguientes errores:

> ERRÓ LA JUNTA DE PLANIFICACIÓN AL DAR CURSO A UNA QUERELLA ELLO A PESAR DE QUE LA QUERELLANTE NO TIENE LEGITIMACIÓN ACTIVA ESTATUTARIA CONFORME LA SECCIÓN 11.2.2.1 DEL REGLAMENTO CONJUNTO DE 2023 DE LA OFICINA DE GERENCIA DE PERMISOS
>
> ERRÓ LA JUNTA DE PLANIFICACIÓN AL EMITIR UNA RESOLUCIÓN QUE CONSTITUYE UN ACTO ULTRA VIRES A LOS PODERES DELEGADOS, ESTO POR RAZ[Ó]N QUE CONCLUYÓ QUE EL PERMISO NO CONTEMPLABA LA CONSTRUCCIÓN EN SUELO AJENO, MATERIA QUE INCIDE SOBRE UNA CONTROVERSIA DE TÍTULO QUE RECAE EN LA JURISDICIÓN EXCLUSIVA DEL TRIBUNAL.
>
> ERRÓ LA JUNTA DE PLANIFICACIÓN AL CONCLUIR QUE SE INCURRIÓ EN UNA VIOLACIÓN POR CONSTRUCCIÓN EN SUELO AJENO ELLO A PESAR [DE] QUE DICHA DETERMINACIÓN NO EST[Á] RAZONABLEMENTE SOSTENIDA POR LA PRUEBA EN EL EXPEDIENTE, CONSTITUYENDO DICHO ACTO UNO ARBITRARIO, IRRAZONABLEMENTE Y DE ABUSO DE DISCRECIÓN.

Junto al recurso de revisión judicial la parte recurrente presentó una *Solicitud de Auxilio de Jurisdicción*.

El 30 de enero de 2025 emitimos una *Resolución* donde declaramos *No Ha Lugar* la solicitud de auxilio de jurisdicción y le concedimos a la JP y a la Asociación hasta el 10 de febrero de 2025 para oponerse en los méritos al recurso presentado por la parte recurrente.

No obstante, según explicaremos más adelante con mayores detalles, el mismo 30 de enero de 2025, la JP emitió una *Resolución de Archivo* en este

---

[1] Esta comunicación no forma parte del expediente ante nos.

caso, en la cual incluyó determinaciones de hechos y conclusiones de derecho, además de realizar las advertencias pertinentes sobre el derecho a solicitar reconsideración y/o revisión judicial.

Ante ello, el 31 de enero de 2025, la parte recurrente presentó otra moción informativa ante este Tribunal de Apelaciones, aduciendo que las conclusiones de derecho contenidas en la referida *Resolución de Archivo* emitida por la JP apoyaban la comisión de los errores señalados en el recurso de revisión judicial pendiente ante nuestra consideración, por lo que peticionó que tomáramos conocimiento de ello y procediéramos conforme a derecho.

Por su parte, el 6 de febrero de 2025 la Asociación compareció mediante *Moción solicitando Unirme a Representación Legal y Solicitando Remedio*.

Además, el 10 de febrero de 2025, la JP instó escrito ante nosotros, solicitando la desestimación del recurso de revisión judicial, al juzgar que se había tornado académica la controversia. En esta misma fecha, la Asociación presentó un *Alegato en Oposición*.

Con el beneficio de la comparecencia de todas las partes, procedemos a resolver.

## II. Exposición de Derecho

### a. Jurisdicción

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385 (2020); *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 249 (2012); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011). Tanto los foros de instancia como los foros apelativos tienen el deber de, primeramente, analizar en todo caso si poseen jurisdicción para atender las controversias presentadas, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Horizon Media v. Jta. Revisora, RA Holdings*, 191 DPR 228, 234 (2014); *Shell v. Srio. Hacienda*, 187 DPR 109, 122-123 (2012). Ello responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con

preferencia a los demás asuntos. *Mun. San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014); *SLG Solá-Moreno v. Bengoa Becerra*, 182 DPR 675, 682 (2011); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007).

En consonancia, constituye norma reiterada el de la importancia de cumplir con los términos, debido a que un recurso presentado de modo prematuro, al igual que tardío, priva de jurisdicción al tribunal al cual se recurre. *SLG Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 883 (2007). Por tanto, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia, debemos así declararlo y desestimarlo. *Íd.*

Cónsono con lo hasta aquí expresado, pero en el ámbito administrativo en particular, ha sido manifestado que la jurisdicción es el poder o la autoridad que ostenta un tribunal u organismo administrativo para considerar las controversias presentadas ante su consideración. *AAA v. UIA, AAA v. UIA,* 199 DPR 638, 652-653 (2018). Los organismos administrativos, así como los foros judiciales, no tienen discreción para asumir jurisdicción donde no la hay. *Íd.*; *DACo v. AFSCME,* 185 DPR 1, 12 (2012).

### b. La Reconsideración y Revisión Judicial de Decisiones Administrativas

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.* (LPAU), define el ámbito de la revisión judicial. Conforme a la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, **solamente las órdenes o resoluciones finales** dictadas por las agencias o funcionarios administrativos pueden ser revisadas judicialmente. La sección aludida establece, en lo pertinente, lo siguiente:

> [u]na parte adversamente afectada por una orden o resolución final de una agencia  que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días contados a partir de la fecha de archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título**, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. *Íd.* (Énfasis provisto).

Específicamente, esta disposición exige que el plazo comience a transcurrir a partir de la fecha del archivo en autos de la notificación de la decisión administrativa o, en la alternativa, a partir de la fecha aplicable cuando el término sea interrumpido mediante la oportuna presentación de una moción de reconsideración. *Flores Concepción v. Taíno Motors*, 168 DPR 504 (2006). La Sección 3.15 de la LPAU, 3 LPRA sec. 9655, rige lo concerniente a la presentación de una moción de reconsideración ante una agencia administrativa por una parte adversamente afectada. La referida sección dispone lo siguiente:

> La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. Tal resolución deberá ser emitida y archivada en autos dentro de los noventa (90) días siguientes a la radicación de la moción de reconsideración. Si la agencia acoge la moción de reconsideración pero deja de tornar alguna acción con relación a la moción dentro de los noventa (90) días de ésta haber sido radicada, perderá jurisdicción sobre la misma y el término para solicitar la revisión judicial empezará a contarse a partir de la expiración de dicho término de noventa (90) días salvo que la agencia, por justa causa y dentro de esos noventa (90) días, prorrogue el término para resolver por un período que no excederá de treinta (30) días adicionales.
> Si la fecha de archivo en autos de copia de la notificación de la orden o resolución es distinta a la del depósito en el correo ordinario o del envío por medio electrónico de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo ordinario o del envío por medio electrónico, según corresponda. *Íd.*

Cónsono con ello, en *Flores Concepción v. Taíno Motors*, supra, nuestro Tribunal Supremo tuvo que resolver si la agencia tenía jurisdicción para acoger y emitir una determinación con respecto a una moción de reconsideración, aun luego de transcurrido el antes mencionado término de quince (15) días. Ante lo cual, el alto Foro determinó que:

...una agencia administrativa tiene jurisdicción para acoger una moción de reconsideración, aun después de transcurrido el término establecido para ello en la Sec. 3.15 de la L.P.A.U., ante, siempre y cuando no haya transcurrido el término para acudir en revisión ante el Tribunal de Apelaciones y no se haya presentado un recurso ante dicho foro. *Íd.*

Ahora bien, es menester señalar que, una vez se den las siguientes condiciones, entonces procede la revisión judicial de decisiones administrativas: (1) que la parte que solicita la revisión haya agotado todos los remedios provistos por la agencia administrativa y; (2) que se trate de órdenes o resoluciones finales. *AAA v. UIA*, 200 DPR 903, 912 (2018).

La orden o resolución final es aquella que incluye de forma separada, determinaciones de hechos, si éstas no se han renunciado, conclusiones de derecho que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión, según sea el caso, y la firma del jefe de la agencia o cualquier otro funcionario autorizado por ley. *AAA v. UIA,* supra, a la pág. 658. A su vez, el mismo alto Foro ha manifestado que una *orden o resolución final,* es aquella determinación de la agencia administrativa que pone fin a los procedimientos en un foro determinado y tiene un efecto sustancial para las partes. *Crespo Claudio v. OEG,* 173 DPR 804, 812-813 (2008); *AAA v. UIA*, supra, a la pág. 913.

Por su parte, la Sección 4.6 de la LPAU, 3 LPRA sec. 9676 establece, en lo pertinente, lo siguiente:

> El Tribunal de Apelaciones revisará como cuestión de derecho las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. La mera presentación del recurso no paralizará el trámite en el organismo o agencia administrativa, a menos que el tribunal así lo determine.
> El procedimiento a seguir para los recursos de revisión será de acuerdo con lo establecido en el Reglamento del Tribunal de Apelaciones aprobado por el Tribunal Supremo.
> [...]

Términos similares se expresan en la Regla 61 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B Regla 61(A)(1), sobre los efectos de la presentación de un recurso de revisión administrativa. En lo pertinente, la precitada Regla dispone lo siguiente:

(A) Efectos de la presentación del recurso.

(1) La presentación de un recurso de revisión no tendrá el efecto de paralizar la implantación de una regla o reglamento, orden, resolución o determinación de una agencia o funcionario(a) o la adjudicación de una subasta impugnada. Sin embargo, a solicitud de parte, el Tribunal de Apelaciones podrá emitir una orden en contrario, no sin antes conceder un término a las demás partes para que se expresen en torno a la solicitud de paralización.
[...]

*Íd.*

Por último, la Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, Regla 57, establece la instancia en la cual se debe presentar un recurso de revisión judicial ante este foro apelativo. Dicha regla dispone lo siguiente:

El escrito inicial de revisión deberá ser presentado dentro del término jurisdiccional de treinta días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Si la fecha del archivo en autos de copia de la notificación de la resolución u orden es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. *Íd.*

### c. Desestimación

La Regla 83 de nuestro Reglamento, 4 LPRA Ap. XXII-B, Regla 83, establece las circunstancias en que este foro intermedio puede desestimar un recurso presentado. En lo que resulta pertinente al caso ante nuestra consideración, establece:

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los siguientes motivos:
**(1) que el Tribunal de Apelaciones carece de jurisdicción;**

[...]

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualquiera de los motivos consignados en el inciso (B) precedente. *Íd.* (Énfasis provisto).

## III. Aplicación del Derecho a los hechos

Tal cual advertimos en la exposición de derecho, los tribunales estamos llamados a auscultar, primeramente, si contamos con jurisdicción para atender la controversia traída ante nuestra consideración. Esto pues, de

concluir que carecemos de jurisdicción, solo nos correspondería desestimar el recurso instado. Tal como adelantamos en los párrafos introductorios, luego de haber realizado tal ejercicio, determinamos que procede su desestimación por falta de jurisdicción. Nos explicamos.

Según quedó plasmado en el tracto procesal que ofrecimos, el recurrente solicita que revoquemos la *Notificación de Hallazgo(s) y Orden de Mostrar Causa* emitida el **24 de octubre de 2024** por la JP, tras la construcción de un jacuzzi de 2-3 pies en presunto terreno ajeno, perteneciente a la Asociación de Residentes de Sabanera del Río en Gurabo. En la aludida *Notificación*, la JP le concedió un término de 20 días al recurrente, vencederos al **13 de noviembre de 2024**, para que mostrara causa por la cual no se le debían imponer las sanciones allí descritas. También, se le apercibió de que, a pesar de ser una notificación de carácter interlocutorio, de no presentar la información requerida dentro del referido término de 20 días, la misma se convertiría en una Resolución final. A su vez, se le apercibió sobre su derecho a solicitar reconsideración dentro de 20 días, a partir del día siguiente al último día del término para mostrar causa, vencederos al **3 de diciembre de 2024**.

A pesar de lo anterior, del expediente ante nos no surge que la parte recurrente hubiese comparecido ante dicho foro administrativo a mostrar causa, pero sí presentó allí una **solicitud de reconsideración**, el **3 de diciembre de 2024**. La presentación de dicha solicitud tuvo como efecto activar el término de quince (15) días, vencederos al **18 de diciembre de 2024**, para que la JP considerara si acogía o no la reconsideración.

Sin embargo, del expediente ante nosotros no surge que la JP hubiese actuado sobre la petición de reconsideración pendiente ante su consideración dentro del referido término de quince (15) días. Por consiguiente, al expirar el término de quince (15) días para considerar la petición, el curso habitual del procedimiento administrativo exigiría que comenzara a decursar el término de treinta (30) días, vencederos al **17 de enero de 2025**, para solicitar

revisión judicial ante este foro intermedio, según fue así advertido en la *Notificación.*

No obstante, resaltamos que el **30 de diciembre de 2024**, es decir, ***antes de que la parte recurrente presentara el recurso de epígrafe***, la JP emitió una *Resolución* donde expuso que, evaluada una comunicación de la parte recurrente donde le manifestó estar realizando gestiones para obtener los permisos correspondientes para legalizar la obra, le concedió un término de treinta (30) días, es decir, hasta el **29 de enero de 2025**, para presentar evidencia de los referidos trámites o el permiso de construcción relacionado con los hallazgos que formaron parte de la *Notificación.*

Sin embargo, a pesar de que aún estaba transcurriendo el referido término que le concedió la JP para presentar los trámites o el permiso de construcción aludido, la parte recurrente optó por instar el recurso de revisión judicial ante nosotros, el **16 de enero de 2025**, en lugar de continuar por la vía administrativa. En consecuencia, resulta evidente que quedaban asuntos pendientes ante la consideración de la JP, conservando dicho ente administrativo jurisdicción sobre la controversia planteada al actuar sobre el asunto, lo que tornó en prematura la presentación del recurso de revisión judicial ante nuestra consideración.

Tal actuación de la JP se encuentra validada por la Sección 4.6 de la LPAU, *supra*, la cual establece que *la presentación de un recurso de revisión no paraliza los procedimientos ante la agencia recurrida.* Además, alcanza respaldo en *Flores Concepción v. Taino Motors*, supra, donde nuestro alto Foro resolvió que una agencia puede considerar una moción de reconsideración, siempre y cuando no haya transcurrido el término para acudir en revisión judicial. Así pues, a pesar de que la JP actuó fuera del término de quince días establecido en la Sección 3.15 de la LPAU, *supra*, consideró la moción de reconsideración dentro del término que tenía la parte recurrente para acudir en revisión judicial, incluso, antes de que se presentara el recurso. Por lo tanto, esta retuvo su jurisdicción para continuar con los procedimientos al emitir la *Resolución* del **30 de diciembre de 2024**.

Por lo explicado, este Tribunal de Apelaciones está impedido de adjudicar la controversia ante nos, por falta de jurisdicción.

Por último, es menester destacar que nuestra jurisdicción para atender un recurso de revisión judicial se limita, como norma general, a la revisión de una orden o resolución final de una agencia, luego de que se hayan agotado todos los remedios provistos. Así pues, la disposición *final* de la decisión de la agencia es requisito básico y jurisdiccional para que este foro pueda ejercer su función revisora. Entonces, tal y como quedó demostrado, el carácter de finalidad de la *Notificación* emitida el **24 de octubre de 2024** cesó tras la notificación de la *Resolución* fechada al **30 de diciembre de 2024**, quedando así asuntos pendientes ante la consideración de la JP. Estos fueron dilucidados posteriormente y de manera final el **30 de enero de 2025** mediante la *Resolución en Archivo*.

El aludido escrito contiene todos los elementos de una resolución final, entiéndase: determinaciones de hecho, conclusiones de derecho, una advertencia sobre el derecho a solicitar una reconsideración o revisión judicial, la firma del jefe de la agencia o de cualquier otro funcionario autorizado por ley, pone fin a la controversia ante la JP y tiene efecto sustancial sobre las partes. Véase 3 LPRA sec. 9654 y *AAA v. UIA*, supra, a las págs. 912-913. Por lo cual, la *Resolución en Archivo* del 30 de enero de 2025 es la última determinación de la agencia revisable por la parte adversamente afectada.

**IV. Parte dispositiva**

Por los fundamentos que anteceden, desestimamos el recurso presentado por falta de jurisdicción al ser prematuro.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones